```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
TIMOTHY WILLIS,                              :
                                             :
                Petitioner,                  :
                                             :         DECISION & ORDER
        v.                                   :         19-CV-6913 (WFK)(LB)
                                             :
MICHAEL CAPRA,                               :
                                             :
                Respondent.                  :
------------------------------------------------------------X
```

**WILLIAM F. KUNTZ, II, United States District Judge:**

On December 4, 2019, Timothy Willis ("Petitioner"), proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1 ("Petition"). For the reasons discussed below, the petition for the writ of habeas corpus is DENIED in its entirety.

## BACKGROUND

### I. Conviction and Sentencing

On August 10, 2015, Ralph Orival left for work around 4:20 A.M., noticed his backyard gate was open, but did not investigate any further. Decl. in Opp. to Petition ("Resp. Decl."), ECF No. 9, ¶ 4. Mr. Orival's girlfriend, Basmattie Singh, was asleep in the second-floor bedroom at the time. *Id.* At approximately 11:45 A.M., a passing neighbor heard noises coming from inside Orival and Singh's garage. *Id.* ¶ 5. The neighbor called 911. *Id.* When the police responded, they looked through the partially open garage door and saw Petitioner walking around inside. *Id.* The police attempted to raise the garage door, but Petitioner resisted, pulling the door downward. *Id.* Eventually, the officers forced the garage door open. Petitioner attempted to run away. *Id.* A struggle ensued and Petitioner was arrested. *Id.* Once inside the garage, the officers observed the garage window and two of the garage door controls were broken. *Id.* ¶ 6. Glass shards were scattered on the windowsill and surrounding area. *Id.*

Petitioner was charged in Queens County of Burglary in the Second Degree, Resisting Arrest, and two counts of Criminal Mischief in the Fourth Degree. *Id.* ¶ 7. Petitioner plead not

guilty and proceeded to a jury trial. *Id.* ¶ 8. The jury convicted Petitioner of Burglary in the Second Degree and Resisting Arrest and acquitted him of the two criminal mischief counts. *Id.* Prior to sentencing, defense counsel moved to set aside the verdict pursuant to N. Y. Crim. Proc. Law § 330.30, alleging the evidence was legally insufficient to prove Petitioner's intent to commit second-degree burglary. *Id.* ¶ 9. On January 11, 2016, the court denied Petitioner's motion, holding a valid line of reasoning supported the jury's finding of intent, particularly because Petitioner actively tried to prevent police from opening the garage door. *Id.*

On January 11, 2016, the court sentenced Petitioner, as a second felony offender, to consecutive determinate terms of imprisonment of eleven years for the burglary conviction, and one year for the resisting arrest conviction, to be followed by five years of supervised release. *Id.* ¶ 10. Petitioner is currently incarcerated at Sing Sing Correctional Facility in Ossining, New York pursuant to this judgment of conviction. *Id.*

## II.   Post-Conviction Activity

On February 9, 2016, Petitioner appealed his conviction. *Id.* ¶ 11. Petitioner raised three claims on appeal. *Id.* ¶ 12. Petitioner claimed: (1) the evidence was legally insufficient to establish his guilt of second-degree burglary because the attached garage did not constitute a "dwelling" under the New York Penal Law and the verdict was against the weight of the evidence; (2) the court's second-degree burglary charge was improper because the trial court omitted part of the Criminal Jury Instruction's ("CJI") "exception," and read only the portion defining a "dwelling," presenting the jury with an incomplete and unbalanced definition of the crime; and (3) the prosecutor's summation deprived him of a fair trial. *Id.* ¶ 14. On October 17, 2018, the Appellate Division, Second Department, affirmed Petitioner's judgment of conviction. *People v. Willis*, 165 A.D.3d 984 (2d Dept. 2018). The Appellate Division held Petitioner failed

to preserve his legal sufficiency claim for appellate review and, regardless, the claim lacked merit and the verdict was not against the weight of the evidence. *Id.* The Appellate Division held the trial court properly denied Petitioner's request to charge the lesser-included offense of third-degree burglary because no reasonable view of the evidence warranted it and Petitioner failed to preserve his claim regarding how the court defined "dwelling" in its charge. *Id.* The Appellate Division also concluded "the charge was not improper, imbalanced, or incomplete." *Id.* The Appellate Division found Petitioner's claims regarding the prosecutor's summation were unpreserved. Even so, the challenged portions of the summation constituted "fair comment on the evidence and the reasonable inferences to be drawn therefrom, fair response to defense counsel's summation, or within the bounds of permissible rhetorical comment." *Id.* at 985–85. Finally, the Appellate Division held Petitioner was not deprived of the effective assistance of trial counsel. *Id.* at 985–86.

In a letter dated November 8, 2018, Petitioner sought leave to appeal the Appellate Division's decision to the New York State Court of Appeals. *Id.* ¶ 22. On January 30, 2019, the New York Court of Appeals denied Petitioner's application for leave to appeal. *People v. Willis*, 32 N.Y.3d 1179 (2019) (Feinman, J.).

On October 7, 2019, proceeding pro se, Petitioner moved to vacate his judgment of conviction pursuant to § 440.10 of the New York State Criminal Procedure Law. *Id.* ¶ 24. Petitioner claimed he was actually innocent because he was intoxicated when he was found in the garage, and thus, lacked the necessary criminal intent to commit second-degree burglary. *Id.* Petitioner also claimed the evidence was insufficient to prove his guilt, and his trial attorney was ineffective for failing to raise an intoxication defense and for advising him not to testify before

3

the grand jury because of his criminal history. *Id.* The New York State Supreme Court has not yet decided Petitioner's motion to vacate his judgment of conviction. *Id.* ¶ 27.

In his current petition, filed December 4, 2019, for a writ of habeas corpus, Petitioner repeats the claims he raised on direct appeal. Petition, ECF No. 1 at 5–6.

## **LEGAL STANDARD**

This Court's review of Petitioner's petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254. The Court "shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). To obtain relief, an individual in custody must demonstrate, among other things, he has: (1) exhausted his potential state remedies; (2) asserted his claims in his state appeals such that they are not procedurally barred from federal habeas review; and (3) satisfied the deferential standard of review set forth in AEDPA, if his appeals were decided on the merits. *See e.g.*, *Edwards v. Superintendent, Southport C.F*, 09-CV-274, 2013 WL 3788599, at *9 (E.D.N.Y. July 19, 2013) (Chen, J.); *Sheehan v. Perez*, 14-CV-6477, 2015 WL 7756106, at *3 (E.D.N.Y. Dec. 1, 2015) (Kuntz, J.).

"[H]abeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." *Harrington v. Richter*, 562 U.S. 86, 103 (2011) (internal quotation marks and citation omitted). As the statute instructs:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

4

      (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The question is "not whether the state court was incorrect or erroneous in rejecting petitioner's claim, but whether it was objectively unreasonable in doing so." *Ryan v. Miller*, 303 F.3d 231, 245 (2d Cir. 2002) (citing *Sellan v. Kuhlman*, 261 F.3d 303, 315 (2d Cir. 2001)) (internal quotation marks, alterations, and emphases omitted). The petition may be granted only if "there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents." *Harrington*, 562 U.S. at 102.

      Furthermore, a federal habeas court "will not review questions of federal law presented in a habeas petition when the state court's decision rests upon a state-law ground that is independent of the federal question and adequate to support the judgment." *Downs v. Lape*, 657 F.3d 97, 101–02 (2d Cir. 2011) (citations and internal quotation marks omitted).

## **DISCUSSION**

      As stated above, Petitioner seeks habeas relief on the following grounds: (1) the evidence Petitioner committed burglary in the second degree was legally insufficient, and his conviction was against the weight of the evidence because the prosecution failed to prove the garage in which Petitioner was found was a dwelling; (2) the court deprived Petitioner of a fair trial by denying his request to charge third-degree burglary as a lesser included offense when a reasonable view of the evidence supported the conclusion the garage was not a dwelling and providing the jury with an incomplete and unbalanced definition of a dwelling; and (3) Petitioner was deprived of a fair trial by the prosecutor's allegedly inflammatory summation. Petition at 5–6.

I.      **Petitioner's Claims Regarding the Sufficiency of the Evidence, the Trial Court's Jury Charge Defining "Dwelling," and the Prosecutor's Summation Are Barred from Review by an Adequate and Independent State Ground**

Petitioner's claims regarding (1) the sufficiency of the evidence; (2) the trial court's jury charge defining "dwelling"; and (3) the prosecutor's summation are barred from review by an adequate and independent state ground. As an initial matter, Petitioner's claim that his convictions were against the weight of the evidence is not cognizable on habeas review because it is a "pure state law claim" grounded in N. Y. Crim. Proc. Law § 470.15(5). *Correa v. Duncan*, 172 F. Supp. 2d 378, 381 (E.D.N.Y. 2001) (Block, J.) (internal citation omitted). However, Petitioner's claim that the jury lacked legally sufficient evidence to find him guilty beyond a reasonable doubt is cognizable because it relies on the "federal due process principles" established by the Fourteenth Amendment. *Id.* (citation omitted).

Nevertheless, if the state court's disposition of a federal claim "rests upon a state-law ground that is independent of the federal question and adequate to support the judgment," the Court will not review that claim. *Downs v. Lape*, 657 F.3d 97, 101–102 (2d Cir. 2011) (citations and internal quotation marks omitted). To be "adequate," a state law ground must be "firmly established and regularly followed by the state." *Richardson v. Greene*, 497 F.3d 212, 218 (2d Cir. 2007) (internal citations and quotation marks omitted). A state law basis is sufficiently adequate if "the case law interpreting [the state law] . . . displays consistent application in a context similar to [the instant case]." *Id.* at 220 (citation omitted).

"The independent prong of this concept means the state court must actually have relied on the procedural bar as an independent basis for its disposition of the case by clearly and expressly stat[ing] that its judgment rests on a state procedural bar." *Terrell v. Kickbush*, 17-CV-

6

7027, 2019 WL 3859512, at *5 (E.D.N.Y. Aug. 16, 2019) (Bianco, J.) (quoting *Harris*, 489 U.S. at 261–63 n.12); *see Garner*, 908 F.3d at 859 (citation and quotations omitted). "[W]hen a state court says a claim is 'not preserved for appellate review' but then rules 'in any event' on the merits, such a claim is procedurally defaulted." *Green v. Travis*, 414 F.3d 288, 294 (2d Cir. 2005).

    A.  <u>Petitioner's Legal Sufficiency Claim</u>

In the instant case, the Second Department, citing N.Y. Crim. Proc. Law § 470.05[2] and *People v. Hawkins*, 11 N.Y.3d 484, 492–93 (2008), held the legal insufficiency claim to be unpreserved for appellate review. *Willis*, 85 N.Y.S.3d at 231. N.Y. Crim. Proc. Law § 470.05 is an independent and adequate state law ground. *See, e.g.*, *Bowman v. Racette*, 12-CV-4153, 2015 WL 1787130, at *30 (S.D.N.Y. Apr. 20, 2015) (Swain, J.) (collecting cases where N.Y. Crim. Proc. Law § 470.05 has been deemed an independent and adequate state ground). As such, there were independent and adequate state grounds for the state court's rejection of Petitioner's claim of legal insufficiency.

    B.  <u>Petitioner's Objections to the Jury Charge Defining "Dwelling"</u>

The Second Department also found Petitioner's challenge to the trial court's charge defining the term "dwelling" to be unpreserved for appellate review. *Willis*, 85 N.Y.S.3d at 231. Here the Court again relied on N.Y. Crim. Proc. Law § 470.05[2] and cited *People v. Franzese,* 61 N.Y.S.3d 661. As stated above, N.Y. Crim. Proc. Law § 470.05 is an independent and adequate state law ground. As such, there were independent and adequate state grounds for the state court's rejection of Petitioner's objection to the charge defining "dwelling".

    C.  <u>Petitioner's Objections to the Prosecutor's Summation</u>

Finally, the Second Department found Petitioner's objections to the prosecutor's summation to be unpreserved for appellate review because Petitioner "either completely failed to object to the remarks at issue or made only a general objection, and he failed to make a timely motion for a mistrial on the specific grounds he now asserts on appeal." *Willis*, 85 N.Y.S. 3d at 232. The Court cited *People v. Romero,* 7 N.Y.3d 911 and *People v. Martin,* 983 N.Y.S.2d 813 in support of its conclusion. "Courts in this circuit have consistently held that the failure to object contemporaneously to a state prosecutor's alleged improper summation constitutes an adequate and independent basis for barring *habeas* review." *Jamison v. Smith*, 94-CV-3747, 1995 WL 468279, at *2 (E.D.N.Y. July 26, 1995) (Block, J.) (collecting cases). As such, there were independent and adequate state grounds for the state court's rejection of Petitioner's objection to the Prosecutor's summation.

D. <u>Petitioner Has Failed to Demonstrate Cause to Excuse His Procedural Default</u>

A federal habeas petitioner may seek review of his federal claims notwithstanding the existence of independent and adequate state law grounds for the state courts' decision in three circumstances. First, he may do so if he is actually innocent of the crime for which he has been convicted. *Dunham v. Travis*, 313 F.3d 724, 730 (2d Cir. 2002). Second, he may also do so if the state law, while generally adequate, has been applied exorbitantly. *Lee v. Kemna*, 534 U.S. 362, 376 (2002). Third, if the independent and adequate state law ground is a procedural default in state court, then the petitioner may circumvent the bar to habeas review by showing cause for his procedural default, and prejudice. *Blount v. Napoli*, 09-CV-4526, 2012 WL 4755364, at *13 (E.D.N.Y. Oct. 5, 2012) (Matsumoto, J.). Here, Petitioner does not argue he is actually innocent, nor does he allege any exorbitant application of N.Y. Crim. Proc. Law § 470.05, nor does he claim cause or prejudice. Accordingly, the Court will not review Petitioner's claims that were

8

disposed of in state court on independent and adequate state grounds. Petitioner's request for habeas relief on the grounds of legal insufficiency, the jury charge defining "dwelling," and the Prosecutor's summation are hereby DENIED.

## II. Petitioner's Claim the State Court Failed in Not Charging Third-Degree Burglary as a Lesser Included Offense Is Not Cognizable

Petitioner further seeks habeas relief on the ground that the trial court failed to charge third-degree burglary as a lesser included offense of second-degree burglary because a reasonable view of the evidences supported the conclusion the garage where Petitioner was found was not a dwelling. Petitioner raised this exact issue in his brief to the Appellate Division, which adjudicated the claim on the merits by holding, "[c]ontrary to the defendant's contention, there was no reasonable view of the evidence that the structure at issue was not a dwelling within the meaning of Penal Law § 140.25(2). Thus, we agree with the Supreme Court's determination denying the defendant's request to charge the lesser included offense of burglary in the third degree." *Willis*, 85 N.Y.S.3d at 232 (internal citations omitted).

"A claimed error in failing to submit a lesser included offense instruction to the jury in a non-capital case is not cognizable on federal *habeas* review." *Leath v. Smith*, 14-CV-2804, 2015 WL 5730577, at *5 (E.D.N.Y. Sept. 28, 2015) (Kuntz, J.) (citing *Bonilla v. Lee*, 35 F. Supp. 3d 551, 569 (S.D.N.Y. 2014) (Koeltl, J.)). Nor can such an error be said to violate federal law, as the United States Supreme Court has expressly declined to rule on the issue. *Id.*; *see also Beck v. Alabama*, 447 U.S. 625, 638 n. 14 (1980). As such, the Court cannot consider this claim and therefore Petitioner's request for habeas relief on this basis is DENIED.

9

## **CONCLUSION**

For the foregoing reasons, Petitioner's application for a writ of habeas corpus is DENIED in its entirety. A certificate of appealability shall not issue. *See* 28 U.S.C. § 2253(c). The Clerk of the Court is directed to serve notice of entry of this Order on all parties and to close the case.

**SO ORDERED.**

                                            s/ WFK
                                    HON. WILLIAM F. KUNTZ, II
                                    UNITED STATES DISTRICT JUDGE

Dated: February 19, 2021
       Brooklyn, New York